

**IT IS ORDERED as set forth below:**

**Date: March 23, 2016**

_Wendy L. Hagenau_

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 13-70818-WLH |
| | ) | |
| TISHA LYNN COX, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |
| TISHA L. COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. 15-5063 |
| | ) | |
| ROBIN RUSSLER-KLEIN and | ) | |
| BRUCE N. KLEIN, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

This complaint for damages for a willful violation of the automatic stay came before the Court for trial, after notice, on March 22, 2016.  The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157.  The Complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).  The Court heard testimony and received evidence, at the

1

conclusion of which the Court ruled orally.  The Court's oral ruling, including its findings of facts and conclusions of law, are incorporated herein.

Among the Court's findings are that, on September 17, 2013, Robin Russler-Klein began a dispossessory proceeding in the Cobb County Magistrate Court.  Tisha Cox ("Debtor") filed a bankruptcy case on September 24, 2013 but did not include Ms. Russler-Klein or her husband in the matrix and neither received notice of the bankruptcy case.  A writ of possession was entered by the Magistrate Court on October 1, 2013, and Ms. Russler-Klein and her husband on October 2, 2013 changed the locks on the condominium at issue and began removing the Debtor's possessions.  Ms. Russler-Klein then allowed the Debtor to stay overnight at the condominium with the understanding the Debtor would be removed the next day.  On October 3, 2013, the Debtor amended her creditor matrix to include Ms. Russler-Klein and also filed pleadings with the Magistrate Court, the effect of which was to rescind the writ of possession.  However, by the time the Debtor returned to the condominium with the rescinded order, the dispossession was complete and all of the Debtor's personal property had been removed to the curb.

The weight of authority holds that "a mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger the protection of the automatic stay."  In re 48th St. Steakhouse, Inc., 835 F.2d 427, 430 (2d Cir. 1987); see also In re Convenient Food Mart No. 144, Inc., 968 F.2d 592, 594 (6th Cir. 1992); In re Atl. Bus. & Cmty. Corp., 901 F.2d 325, 328 (3d Cir. 1990); In re Blaylock, 301 B.R. 443, 445 (Bankr. E.D. Pa. 2003).  Section 362(a)(3) prohibits a party from taking "any act to obtain possession … of property from the estate or to exercise control over property of the estate."  See In re Kennedy, 39 B.R. 995, 997 (C.D. Cal. 1984) (mere possessory interest triggered the automatic stay and any actions with respect to the property at issue would constitute actions to take property from the estate).  The

2

Court therefore concludes that the post-petition actions of Ms. Russler-Klein in removing the Debtor's possessions from the condominium violated the automatic stay.

Damages under 11 U.S.C. § 362(k), however, are only available for a <u>willful</u> violation of the automatic stay. A "willful" violation occurs when the creditor knew that the automatic stay had been invoked and intended the action that violated the stay. <u>See</u> <u>In re Jove Engineering</u>, 92 F.3d 1539, 1555 (11th Cir. 1996). The Defendants intended to take the action of removing Ms. Cox's possessions. Thus, the question for the Court to determine is whether the Defendants knew of the filing of the bankruptcy case at the time they acted. After considering all of the testimony, and judging the credibility of the parties, the Court concludes the Debtor has not carried her burden of showing that the Defendants knew of the filing of the bankruptcy case at the time Ms. Russler-Klein obtained a writ of possession, and the Defendants changed the lock and removed the Debtor's belongings from the condominium. Thus, the Court concludes that the actions of the Defendants were not willful.

Finally, the answer of the Defendants includes a counterclaim for damages for quantum meruit and libel and defamation. Under 28 U.S.C. § 1334(c)(1), a Bankruptcy Court may "abstain from hearing a particular proceeding 'arising under,' 'arising in' or 'related to' a case under Title 11." <u>McDaniel v. ABN Amro Mortgage Grp.</u>, 364 B.R. 644, 649 (S.D. Ohio 2007). "The court may abstain upon request of a party or *sua sponte.*" <u>Carver v. Carver</u>, 954 F.2d 1573, 1579 (11th Cir. 1992); <u>accord</u> <u>Bricker v. Martin</u>, 348 B.R. 28, 33 (W.D. Pa. 2006) <u>aff'd</u>, 265 F. App'x 141 (3d Cir. 2008). Bankruptcy courts are courts of limited jurisdiction, as such "abstention is looked upon more kindly" in the context of bankruptcy. <u>In re Hearthside Baking Co., Inc.</u>, 391 B.R. 807, 814 (Bankr. N.D. Ill. 2008) (citing <u>Official Comm. of Unsecured Creditors of Wickes, Inc. v. Wilson</u>, 2006 WL 1457786, at *2 (N.D. Ill. 2006)).

In determining whether abstention is warranted in a particular proceeding, courts examine several factors.  E.g., Ret. Sys. of Ala. v. J.P. Morgan Chase & Co., 285 B.R. 519, 530 (M.D. Ala. 2002).  Factors used by courts in the Eleventh Circuit include: i) "the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised"; ii) the extent to which non-bankruptcy federal or state law issues predominate over bankruptcy issues; iii) concerns of forum shopping; iv) "the degree of relatedness or remoteness of the proceedings to the main bankruptcy case"; v) "the substance rather than the form of an asserted 'core' proceeding"; vi) the ability to sever state law or non-bankruptcy law from any core bankruptcy matters; and vii) the presence of non-parties.  Id. at 530–31 (citing Cassidy v. Wyeth-Ayerst Labs. Div. of Am. Home Products Corp., 42 F. Supp. 2d 1260, 1263 (M.D. Ala. 1999)).

The matters raised by the Defendants' counterclaim are purely state law matters that arose post-petition in a Chapter 7 case and are therefore at most matters related to this case.  As such, the Court exercises its discretion to abstain from hearing either of the counts on the counterclaim.

It is therefore ORDERED that judgment is for the Defendants on Plaintiff's Complaint;

ORDERED FURTHER that the Court abstains from hearing any portion of the counterclaim.

### ### END OF ORDER ###

**<u>DISTRIBUTION LIST</u>**

Tisha L. Cox
601 Meadowbrook Dr SE
Marietta, GA 30067

Richard K. Valldejuli, Jr.
Valldejuli & Associates, LLC
2199 Lenox Road NE, Suite A
Atlanta, GA 30324

Robin Russler-Klein
1019 Pinetree Court
Powder Springs, GA 30127

Bruce N. Klein
1019 Pinetree Court
Powder Springs, GA 30127

J. Hayden Kepner, Jr.
Scroggins & Williamson
1500 Candler Bldg.
127 Peachtree Street, NE
Atlanta, GA 30303